UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

MOHAMMAD ALAWI,

                         Defendant.

_____

**REPORT,
RECOMMENDATION
AND ORDER**

20-CR-00192(JLS)(JJM)

Defendant Mohammad Alawi is charged in a two-count Indictment [22][1] with possession with intent to distribute, and distribution of, hydrocodone within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §860(a). On January 9, 2020 defendant was arrested inside of the Bayview Deli, in Hamburg, New York, where he worked, pursuant to an arrest warrant arising from the earlier criminal Complaint against him [1]. Following his arrest, the owner of the delicatessen was asked by law enforcement whether defendant had in his possession at the deli any prescription pills (known as "spice"), and he directed them to a pill bottle in defendant's name and pharmacy paperwork behind the cash register. *See* Greenman Affidavit [31], ¶109; government's Response [33], p. 2.

Before the court are defendant's remaining motions to suppress the physical evidence seized from the deli following his arrest (Greenman Affidavit [31], ¶109), to suppress his post-arrest statements (id., ¶¶105-07) for disclosure of informant identities (id., ¶¶18-41), for a bill of particulars (id., ¶¶6-17), and for an audibility hearing (id., ¶¶102-04),[2] as well as the

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

[2]    These were the portions of his pretrial motion [31] that defendant identified as remaining in dispute in his Reply [37], p. 2; March 3, 2021 e-mail from defense counsel.

government's cross-motion for reciprocal discovery. Government's Response [33], pp. 28-29, §O.

For the following reasons, the government's cross-motion is granted, defendant's non-dispositive motions are granted in part and denied in part, and I recommend that defendant's suppression motions be denied.


**DISCUSSION**

**A.     Defendant's Motions**

**1.     Suppression of Evidence**

Defendant requests a hearing to determine the "propriety of the seizure of [his] pill bottle" from the Bayview Deli following his arrest.  Greenman Affidavit [31], ¶109.  He also asks that "the government be precluded from referencing the empty pill bottle . . . [and] Rite Aid pharmacy paperwork which was observed and/or seized by the agents".  Id.  He offers no legal argument to why he would be entitled to this relief.   The government responds that the motion should be denied because it is not accompanied by an affidavit of standing, and the evidence was otherwise seized pursuant to a valid consent search.  Government's Response [33], pp. 23-25, 26-27.

It is well settled that "[a] defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched".  United States v. Marshall, 2012 WL 5511645, *1 (W.D.N.Y.), adopted, 2012 WL 5948782 (W.D.N.Y. 2012).  Indeed, my Scheduling Order [28] issued in this case cautioned that "[a]ny motion to suppress . . .  physical evidence *must initially* be accompanied by an appropriate affidavit (or declaration) from an individual with personal

knowledge, failing which the court will normally recommend that the motion be denied". Id., ¶2 (emphasis added).

Nevertheless, defendant's attorney elected not to submit an affidavit or declaration of standing with the motion, stating instead that "[i]f necessary, we will file an Affidavit of Standing". Greenman Affidavit [31], ¶109.  Given the Scheduling Order's clear warning, I fail to understand why he believed that an affidavit of standing might not be required.

For the first time in his reply ([37], pp. 2-3) defendant attempted to comply with this requirement.  However, I see no reason to permit him to file a belated affidavit (or declaration) of standing, especially given his knowledge of this requirement and the absence of any explanation why he could not timely file an affidavit of standing.  Fed. R. Crim. P. ("Rule") 47(d) requires the moving party to "serve any supporting affidavit *with the motion*" (emphasis added), not at a later date. To excuse defendant's failure would only cause delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006); United States v. Lewis, 2018 WL 3195158, *2 (W.D.N.Y.), adopted, 2018 WL 1805554, *3  (W.D.N.Y. 2018) ("to excuse the Defendant's failure to [submit an affidavit (or declaration) of standing by the deadline] would undermine the public's interest in a speedy trial").  Therefore, I recommend that defendant's motion be denied on this basis.  *See* United States v. Matthews, 2020 WL 2770817, *2 (W.D.N.Y.), adopted, 2020 WL 2768839 (W.D.N.Y. 2020) (Sinatra, J.) (same); Lewis, 2018 WL 1805554, *3.

Even if I were to consider defendant's belated Affidavit ([37], pp. 2-3), it fails to establish his standing to seek suppression of the evidence seized from the Bayview Deli.[3]

---

[3]     Defendant's motion also sought the return of a cellular telephone seized from him at the time of his arrest. Greenman Affidavit [31], ¶108.  In response, the government agreed to its return.  See Government's Response [33], pp. 15-16, §E.

"Although the expectation of privacy in commercial property is not as great as for residential property, New York v. Burger, 482 U.S. 691, 700 (1987), it is 'well-settled' that, under certain circumstances, an employee may have a reasonable expectation of privacy in his workplace and may challenge a search of its premises." United States v. Saleh, 2011 WL 1210207, *4 (S.D.N.Y. 2011). To establish standing, the defendant must make a "sufficient showing of a possessory or proprietary interest in the area searched" and "demonstrate a sufficient 'nexus' between the area searched and his own work space". United States v. Chuang, 897 F.2d 646, 649 (2d Cir.1990).

"Generally, courts tend to find that these elements are sufficiently established when the area searched is set aside for the defendant's exclusive use, such as an individual office. However, courts are more skeptical of standing claims when the defendant only occasionally used the area searched. The greater the degree of exclusivity and control over a work area, and the more time a defendant spends there, the more likely standing is to be found. By contrast, the less private a work area - and the less control a defendant has over that work area - the less likely standing is to be found." United States v. Tranquillo, 606 F. Supp. 2d 370, 377 (S.D.N.Y. 2009).

Defendant contends that the seized "empty prescription bottle [was] behind the counter in an area where I had a reasonable expectation of privacy. That bottle was not made available nor could it be seen by any member of the public." Alwai Affidavit [37], ¶3. Even if defendant had a reasonable expectation that the area would remain private from the public, he does not address whether that expectation of privacy extended to the owner of the deli and his co-workers. Without any attempt to demonstrate the degree of exclusivity and control he had

over the work space vis-à-vis the owner and co-workers, I conclude that he has not established

his standing to seek suppression of the pill bottle and other related items recovered from the deli.

### 2.     Motion to Suppress Statements

Defendant seeks to suppress statements which were "the product of custodial

interrogation" after he invoked his right to remain silent.  Greenman Affidavit [31], ¶105-07.

Like his motion to suppress evidence, it was not accompanied by an affidavit or declaration from

defendant.

As discussed above, the Scheduling Order [28] in the case expressly stated that

"[a]ny motion to suppress statements . . .  must initially be accompanied by an appropriate

affidavit from an individual with personal knowledge, failing which the court will normally

recommend that the motion be denied". Id., ¶2.  This requirement is no less well settled than the

requirement for defendant to establish standing for suppression of evidence. *See* United States v.

Gillette, 383 F.2d 843, 848–49 (2d Cir. 1967); United States v. Gerace, 2020 WL 4227990, *3

(W.D.N.Y.), adopted, 2020 WL 4227374 (W.D.N.Y. 2020) (Sinatra, J.) ("courts in this Circuit

have routinely denied motions to suppress without a hearing where defendants have failed to

provide affidavits alleging facts based upon personal knowledge").

Against this backdrop, defendant again elected (without explanation) not to

submit with his motion an affidavit or declaration demonstrating a factual basis for his motion to

suppress statements. For the reasons discussed above, defendant's untimely Affidavit ([37], pp.

2-3) does not cure this deficiency. *See* Lewis, 2018 WL 2018 WL 1805554, *3 ("to excuse the

Defendant's failure to [submit an affidavit (or declaration) of standing by the deadline] would

undermine the public's interest in a speedy trial").  Therefore, I recommend that the motion be denied on this basis, without a hearing.

3.       **Motion for Informant Identities and Information**

As the government acknowledges, there were two controlled purchases from defendant at the Bayview Deli on October 3 and November 6, 2019. Government's Response [33], p. 2.  According to the government, a confidential source and an undercover officer participated in both purchases and the transactions were recorded on video and audio.  Id.[4]

Defendant seeks, a variety of informant information, including:

"(a) The identity of any and all informants or Confidential Sources possessing information which may be material to defendant's alleged guilt or innocence;

(b) The identity of any and all informants who were present at any of the events which are described in the instant indictment;

(c) Any and all government reports containing information received from any informant referenced above which may be material to the instant case.

(d) The names of any individual who suggested to Mr. Alawi that he distribute the drugs in question." Greenman Affidavit [31], ¶18.

He bases his entitlement to this information on the fact that the informants are "percipient witnesses" to the allegation of the Indictment, and "may also possess exculpatory and exonerating information". Id., ¶19.

The government is not required to provide early disclosure of the identities of informants unless "an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause".

---

[4]       The criminal Complaint [1] indicates that an undercover officer made the purchases from defendant.

<u>Roviaro v. United States</u>, 353 U.S. 53, 60–61 (1957). "The defendant bears the burden of showing the need for disclosure of an informant's identity . . . and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." <u>United States v. Fields</u>, 113 F.3d 313, 324 (2d Cir. 1997).

"The defendant is generally able to establish a right to disclosure where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir. 1988). Disclosure is not required if a defendant fails to show that "the testimony of the informant would . . . [be] of even marginal value to the defendant's case". <u>Id</u>. "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." <u>Fields</u>, 113 F.3d at 324.

Even as witnesses to and participants in the controlled purchases that are alleged in the Indictment, defendant has not demonstrated (by evidentiary showing or otherwise) that the informant's testimony is material to determining his guilt or innocence, especially here, where the controlled purchases were recorded. *See* <u>United States v. Pierce</u>, 493 F.Supp.2d 611, 621 (W.D.N.Y. 2006) (denying motion for informant identification where the "[d]efendants have not shown the informant's testimony will be a significant factor in determining the respective Defendant's guilt or innocence").

Defendant believes that the "government's case will be based almost singularly upon the testimony of informants or undercover officer acting in concert with informant[s] who are cooperating with the government". Greenman Affidavit [31], ¶31. Even if that were so,

defendant "is not being prosecuted on the basis of any secret evidence. The indictment indicates the amount of [controlled substances] . . . he allegedly possessed. To convict [defendant] of these charges, the Government will need to introduce evidence in open court that [defendant] possessed the narcotics with the intent to distribute them . . . and before trial the Government will have to provide [defendant] with access to that evidence. At trial, [defendant] will be free to cross examine any witnesses and object to the admission of any evidence. But at the present stage of the proceedings, the materiality to [the] defense of . . . the identity of the informant is low and the Government's interest in protecting the identity of its informant is high." United States v. Saltares, 301 F. Supp. 2d 305, 307 (S.D.N.Y. 2004). Without more, the need for disclosure of the informants' identities has not been established. See United States v. Boone, 2003 WL 841088, *6 (S.D.N.Y. 2003) ("[m]ere speculation . . . that the informer may possibly be of some assistance does not overcome the strong public interest in protecting informants").

Defendant also states that he is "considering" asserting an entrapment defense[5] for which he seeks communications between himself and "any informant or undercover officer" that occurred "prior to the first alleged sale". Greenman Affidavit [31], ¶17; defendant's Reply [36], p. 4 (emphasis omitted). In describing the basis for that potential defense, defendant alleges that he "distributed his own medication" (Greenman Affidavit [31], ¶17) and that "[m]uch of . . . the government's evidence . . . appears to be . . . based on distribution of medication by prescriptions through the urgings and inducement of government informants". Id., ¶38.

---

[5]    "[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988).

Not only has defendant not decided whether he is even going to pursue this defense, but he makes no evidentiary showing in that regard. *See* United States v. Santoro, 2004 WL 2346621, *3 (S.D.N.Y. 2004) (denying motion for disclosure of informant identities, where "defendant has not yet presented any evidence which, if believed, would establish an entrapment defense"); United States v. Rahman, 1994 WL 533609, *2 (S.D.N.Y. 1994) ("[s]imply stating an intention to pursue an entrapment defense . . . does not compel the government to disclose the identity of all its informants"); United States v. Godiksen, 2017 WL 663051, *2-3 (D. Conn. 2017) (defendant "failed to show that the information sought would aid him in pursuing an entrapment defense", where "[h]e was unable to cite any facts suggesting that any governmental official induced [him]" and "failed to present any facts or theories tending to show that the information sought would assist him in demonstrating that he lacked the proclivity to commit [the crime]"); United States v. DiLorenzo, 1995 WL 169003, *8 n. 11 (S.D.N.Y. 1995) (permitting a renewed "motion for the disclosure of the identity of confidential informants upon a showing of facts which, if found to be true, would establish [an entrapment] defense and that the testimony of the confidential informant(s) would be material to this defense"). *Compare with* DiBlasio v. Keane, 932 F.2d 1038, 1043 (2d Cir. 1991) (disclosure required where the defendant introduced evidence that, if credited, would establish an entrapment defense and where the informant was the only witness who could corroborate that defense). Therefore, this motion is denied.

However, to the extent that the information defendant seeks, including the communications that preceded the alleged sales, would constitute Brady material, the government must disclose such information in sufficient time for its effective use at trial. Insofar

as defendant seeks information discoverable under Rule 16(a)(1)(E), the government must
disclose such information expeditiously. *See* <u>Santoro</u>, 2004 WL 2346621, *4.

    4.    **Motion for a Bill of Particulars**

        Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in
order to identify with sufficient particularity the nature of the charge pending against him,
thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of
double jeopardy should he be prosecuted a second time for the same offense". <u>United States v.</u>
<u>Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987).[6] "A bill of particulars is required only where the
charges of the indictment are so general that they do not advise the defendant of the specific acts
of which he is accused." <u>United States v. Walsh</u>, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden
is upon defendants to show that non-disclosure of the requested particulars would lead to
prejudicial surprise at trial or would adversely affect defendants' rights". <u>United States v.</u>
<u>Duarte</u>, 2014 WL 29366, *1 (W.D.N.Y. 2014).

        "In deciding a motion for a bill of particulars, the important question is whether
the information sought is necessary, not whether it is helpful." <u>United States v. Conley</u>, 2002
WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence,
witnesses, and legal theories to be offered by the Government at trial or as a general investigative
tool for the defense". <u>United States v. Henry</u>, 861 F.Supp.1190, 1197 (S.D.N.Y. 1994).

        The court "has the discretion to deny a bill of particulars if the information sought
by defendant is provided in the indictment or in some acceptable alternate form". <u>United States</u>
<u>v. Barnes</u>, 158 F.3d 662, 665 (2d Cir.1998). *See* <u>United States v. Messina</u>, 2012 WL 463973,

---

[6]    As the government notes (government's Response [138], p. 4 n. 1), some courts have questioned
the double jeopardy justification for granting particularization. *See, e.g.*, <u>United States v. Payden</u>, 613
F.Supp. 800, 816 n. 16 (S.D.N.Y. 1985).

*10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery"). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

Defendant seeks particularization of the Indictment [22], which alleges that on October 13 and November 6, 2019, "in the Western District of New York, within 1,000 feet of the real property comprising Big Tree Elementary School, a public elementary school, the defendant . . . did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, hydrocodone . . . . in violation of Title 21, [U.S.C. §] 860(a)." Id., Counts 1 and 2.

Because the charges are "so general" (Greenman Affidavit [31], ¶7), defendant argues that the following particularization is necessary:

"a. A list of all unindicted co-conspirators, regardless of whether the government intends to call any co-conspirator as a witness at trial . . . .

b. State the dates, time and places that the defendant Alawi acted in violation of the existing law particularly for the crime set forth in the indictment.

c. Provide to the defense all laboratory reports relative to the issues raised herein.

d. State with particularity whether the government induced Mr. Alawi to commit any of the crimes. State with particularity the individual to whom Mr. Alawi allegedly sold the controlled substances.

e. State with particularity whether the government will claim that the defendant had a pre-disposition on the first sale to sell a controlled substance.

f. State with particularity how it is claimed that the defendant knew that he was acting in violation of law.

g. State with particularity whether it is claimed that the defendant possessed his own controlled substance which were allegedly distributed on October 3 and November 6, 2019.

h. State with particularity how the investigation began.

i. State with particularity whether the government intends to show that the defendant sold controlled substances to any other individual as it relates to the investigation herein.

j. State with particularity whether any civilian cooperated with the government and what information he/she provided to the government or to any police agency relative to Mr. Alawi." Id., ¶11.

"The necessity of a bill of particulars depends on the nature of the charged crime." United States v. Meregildo, 2012 WL 3834732, *5 (S.D.N.Y. 2012). Here, nothing indicates that the alleged crimes are complex or expansive. Controlled purchases form the basis of the allegations in Counts 1 and 2 of the Indictment, and according to the government, the video and audio recordings from both sales have been produced to defendant, along with corresponding laboratory reports. See United States v. Calvente, 2013 WL 4038952, *2 (S.D.N.Y. 2013) (denying a bill of particulars where "the Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts").

Given the discrete nature of the charges at issue and the discovery produced, I do not find that further particularization is necessary to enable defendant to prepare a defense, or to prevent unfair surprise at trial and raise a double jeopardy bar. Therefore, this motion is denied.

5.      **Motion to Reserve Right to an Audibility Hearing**

Defendant seeks to reserve his right to request an audibility hearing to determine whether any recordings the government may seek to introduce at trial are audible.  Greenman Affidavit [31], ¶102.  Although the government states that it does not currently "intend to introduce any evidence that would require an audibility hearing", defendant should be permitted to seek an audibility hearing if the government changes its position and those recording are inaudible.  Government's Response [33], p. 23, ¶L.  Therefore, this request is granted.

Aside from the audibility of any recordings that the government may seek to use at trial, as part of this motion, defendant's counsel states that he has not been permitted to share the video or audio recordings of the controlled sales with his client pursuant to the Protective Order [30]. Greenman Affidavit [31], ¶104.  If defendant seeks to do so, he may file a motion to modify the protective order.

B.      **Government's Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [33], pp. 28-29, §O. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Defendant has not opposed this request. Therefore, the government's motion is granted.

## CONCLUSION

For these reasons, the government's motion for reciprocal discovery (government's Response [33], pp. 28-29, §O) and defendant's motion reserving his right to request an audibility hearing (Greenman Affidavit [31], ¶¶102-04) are granted; defendant's motions for disclosure of informant information (id., ¶¶18-41) and for a bill of particulars (id.,

¶¶6-17) are denied; and I further recommend that defendant's motions to suppress evidence and statements (id., ¶¶105-09) be denied.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by April 7, 2021. Any requests for extension of this deadline must be made to Judge Sinatra.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or  identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: March 24, 2021

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
 United States Magistrate Judge

-14-