UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

UNITED STATES OF AMERICA,

     v.

                                    20-CR-192 (JLS) (JJM)

MOHAMMED ALAWI,

        Defendant.

_____

## DECISION AND ORDER

Defendant Mohammed Alawi is charged with possessing with intent to distribute, and distributing, hydrocodone within 1,000 feet of a public elementary school on two occasions in 2019. *See* Dkt. 22. Alawi filed pretrial motions with United States Magistrate Judge Jeremiah J. McCarthy, who was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 24.

As relevant here,[1] Alawi moved: (1) to suppress statements he made to law enforcement on January 9, 2020; (2) to suppress a pill bottle seized from the Bayview Deli on January 9, 2020; (3) for disclosure of informant identities; and (4) for a bill of particulars. *See* Dkt. 31, at 2-12, 46-47.[2] Judge McCarthy issued a Report, Recommendation and Order ("RR&O") on March 24, 2021, recommending that this

_____

[1] Alawi filed several other motions, but only the listed motions remain unresolved.

[2] Page references to Dkt. 31 are to the numbering in the footer of each page, as opposed to the numbering automatically generated by CM/ECF.

Court deny the suppression motions, denying the motion for a bill of particulars, and denying the motion for disclosure of informant identities.[3] *See* Dkt. 40.

Alawi objected to the RR&O's recommendation regarding his dispositive suppression motions and to its order regarding his non-dispositive discovery motions. Dkts. 41, 43. The government opposed Alawi's objections. Dkt. 44. And Alawi filed a reply. Dkt. 45. The objections have been fully briefed for the Court's consideration since May 4, 2021.

For the reasons below, the Court will: (1) accept the recommendation to deny Alawi's motion to suppress physical evidence; (2) reject the recommendation to deny Alawi's motion to suppress statements and order a suppression hearing regarding the spontaneity of those statements; and (3) affirm the orders on Alawi's discovery motions.

## RELEVANT PROCEDURAL BACKGROUND

In December 2020, Judge McCarthy issued a scheduling order, which set a February 5, 2021 pretrial motions deadline. *See* Dkt. 28, at 1. The scheduling order required "[a]ny motion to suppress statements or physical evidence [to] initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing." *Id.*

---

[3] When denying Alawi's motion for disclosure of informant identities, Judge McCarthy distinguished between any evidence that may constitute *Brady* material and discoverable material under Federal Rule of Criminal Procedure 16, and reminded the government of the timeline for disclosing each type of material. *See* Dkt. 40, at 9-10.

Alawi filed his pretrial motions—which included motions to suppress statements and physical evidence—on February 5, 2021, consistent with the scheduling order. Dkt. 31. But he did not file the required supporting affidavit, as directed by the scheduling order. *See id.* Instead, Alawi's motion stated: "If necessary, we will file an Affidavit of Standing." *Id.* at 47 ¶ 109. The government responded in opposition to Alawi's motions. Dkt. 33. Alawi filed a reply in further support of his motions on March 1, 2021. Dkt. 36. The same day, in violation of Judge McCarthy's scheduling order, Alawi filed his affidavit of standing. Dkt. 37.

Judge McCarthy heard oral argument on March 5, 2021—four days after Alawi's motions were fully briefed and his affidavit of standing filed. *See* Dkt. 38. According to Alawi's counsel, "oral argument was curtailed as a result of the court's view that the defense had not filed a timely Affidavit of Standing." Dkt. 43, at 4.

## DISCUSSION

### I.   Motions to Suppress

#### A.   Standard of Review

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

Judge McCarthy recommended denying Alawi's suppression motions. Alawi timely objected to those recommendations. Accordingly, the Court will review those recommendations *de novo*.

3

### B.    Late Affidavit

The Court first must decide whether it may—and, if so, whether it should—consider Alawi's untimely affidavit in support of his suppression motions.[4]  As set forth below, the Court has discretion to consider the late affidavit and elects to do so with respect to the portion related to suppression of statements.

#### 1.    May the Court consider Alawi's untimely affidavit?

Three rules of criminal procedure merit consideration here.

By way of background, Federal Rule of Criminal Procedure 12 requires a defendant to seek suppression before trial.  Fed. R. Crim. P. 12(b)(3).  When the Court sets a deadline for filing pretrial motions and the defendant does not meet that deadline, any "motion is untimely."  Fed. R. Crim. P. 12(c)(1), (3).  The Court "may consider the [untimely] . . . request if the party shows good cause."  Fed. R. Crim. P. 12(c)(3).  Courts may, and do, deny untimely suppression motions under Rule 12.  *See, e.g., United States v. Atuana*, 816 F. App'x 592, 596-97 (2d Cir. 2020) (affirming denial of motion for leave to file post-trial motion to suppress); *United States v. Moore*, 541 F. App'x 37, 39 (2d Cir. 2013) (affirming denial of motion to suppress statements filed eight months after the motions deadline and one week before trial was set to begin);

---

[4] Alawi maintains that his affidavit of standing was timely.  *See* Dkt. 43, at 5-6.  He argues that his affidavit "was hardly out of time" because he filed the affidavit after the government responded to his Rule 12(b) demands.  *See id.* at 6.  The Court rejects this argument.  Alawi argues that, "if the government was not going to use the evidence, there would be no reason to file motions to suppress." *Id.* at 5.  But Alawi timely moved to suppress evidence and statements—specifically the statements he made to law enforcement on January 9, 2020 during transport from the Bayview Deli, and the pill bottle seized from the Bayview Deli on January 9, 2020.  *See* Dkt. 31, at 46-47 ¶¶ 105-107, 109.  Alawi's argument that the affidavit was timely fails by his own submissions.

*United States v. Billings*, No. 15-CR-00050-LJV-JJM-4, 2015 WL 10057711, at *1-*2
(W.D.N.Y. Dec. 18, 2015) (denying motion to suppress under Rule 12(c)(3) where
defendant moved more than a month after the motions deadline, which already had
been extended twice).

Assuming a timely motion, Federal Rule of Criminal Procedure 47 requires a
moving party to "serve any supporting affidavit with [his or her] motion." Fed. R.
Crim. P. 47(d). Judge McCarthy's scheduling order parallels this language. *See* Dkt.
28, at 1 ("Any motion to suppress statements or physical evidence must initially be
accompanied by an appropriate affidavit (or declaration) from an individual with
personal knowledge . . . .").

Finally, Federal Rule of Criminal Procedure 45 confers discretion to extend
time, including the Rule 47 deadline. In particular, "[w]hen an act must or may be
done within a specified period, the court on its own may extend the time, or for good
cause may do so on a party's motion . . . ." Fed. R. Crim. P. 45(b)(1). Good cause is not
required when a court acts on its own to extend time. *See United States v. Ramos*, No.
1:11-cr-111-jgm-1, 2012 WL 6708191, at *6-*7 (D. Vt. Dec. 26, 2012) (noting that "Rule
45(b)(1) does not require excusable neglect if, as here, a district court exercises its
discretion to extend a deadline on its own").

Rule 12 does not govern here because Alawi moved to suppress by the deadline
Judge McCarthy set. *See* Dkts. 28, 31. Rule 47 and Judge McCarthy's scheduling
order, however, do apply. Under those requirements, Alawi's affidavit of standing was
due by February 5, 2021, when he moved to suppress. His affidavit—filed on March 1,
2021, with the reply in further support of his suppression motions—was untimely.

5

But Rule 45(b)(1) allows the Court to extend the time to file Alawi's affidavit. Because Alawi did not seek an extension of time to file his affidavit, the Court need not find good cause to extend time under Rule 45(b)(1). Instead, the issue lies solely within the Court's discretion.

### 2. Should the Court consider Alawi's untimely affidavit?

The Court may consider Alawi's affidavit of standing under Rule 45. The next question is whether it should. To begin, the Court acknowledges that courts in this district have denied suppression motions where an affidavit of standing was filed late. *See, e.g.*, *United States v. Lounsberry*, No. 18-CR-00049 (RJA)(JJM), 2018 WL 6517554, at *5 (W.D.N.Y. Oct. 1, 2018), *report and recommendation adopted*, 2018 WL 6510829 (W.D.N.Y. Dec. 11, 2018); *United States v. Butler*, No. 15-CR-00107-LJV-JJM, 2017 WL 9485697, *3-*4 (W.D.N.Y. July 21, 2017), *report and recommendation adopted*, 2017 WL 4324684 (W.D.N.Y. Sept. 29, 2017).[5] The rules discussed above provide ample authority for such outcomes.

Presented with an affidavit that establishes disputed facts as to Alawi's statements, the Court is concerned, on these facts, about the balance between procedural rules—important as they are—and a defendant's constitutional rights. *See United States v. Ocean*, No. 1:15-cr-00040-JAW-09, 2015 WL 9272856, at *5 (D. Me.

---

[5] Courts also deny suppression motions where the defendant never files a supporting affidavit. *See, e.g.*, *United States v. Gerace*, No. 1:19-CR-86 JLS (MJR), 2020 WL 4227990, at *3 (W.D.N.Y. June 26, 2020), *report and recommendation adopted*, 2020 WL 4227374 (W.D.N.Y. July 23, 2020); *United States v. Matthews*, No. 19-CR-00178 (JLS)(JJM), 2020 WL 2770817, at *1 (W.D.N.Y. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 2768839 (W.D.N.Y. May 28, 2020). The Court does not address that situation here.

Dec. 18, 2015) (considering defendant's motion even though it did not comply with a local rule regarding deadlines for filing supporting affidavits, after balancing the local rule against the defendant's constitutional rights); *see also United States v. Thompson*, No. 1:18-CR-00126EAW, 2019 WL 4509028, at *4 & n.4 (W.D.N.Y. Sept. 19, 2019) (exercising discretion to consider defendant's untimely affidavit of standing, where affidavit was filed after the Report and Recommendation issued). On this record, the Court declines to penalize Alawi for his attorney's failure to comply with a court-ordered deadline because the facts and circumstances weigh sufficiently in favor of considering Alawi's untimely affidavit as to his statements.

First, the Court considers the relative prejudice to the parties. This case is in its pretrial stages, and there is no trial date. By filing the affidavit of standing with his reply to Judge McCarthy, Alawi foreclosed the government from responding to the affidavit in writing.[6] On the other hand, the government addressed the merits of Alawi's suppression motions to this Court in its briefing on objections. *See* Dkt. 44, at 7-10. And Alawi's motions to Judge McCarthy were not generic. Rather, Alawi specifically sought to suppress: (1) statements made to law enforcement during transport from the Bayview Deli on January 9, 2020, after he invoked his right to remain silent; and (2) the pill bottle located behind the counter at the Bayview Deli on January 9, 2020. *See* Dkt. 31, at 46-47.

Alawi's affidavit presents a potentially meritorious suppression claim with respect to his statements. *See infra* Section I.C.1. His affidavit does not present a

---

[6] Nothing prevented the government from requesting permission to file a sur-reply. The government does not appear to have made that request here.

potentially meritorious suppression claim regarding physical evidence, requiring a different outcome on that motion. *See infra* Section I.C.2. On balance, prejudice considerations favor considering the affidavit of standing as to Alawi's statements.

Also relevant are institutional considerations, such as respect for scheduling orders and magistrate judges' authority to manage their dockets. The conduct of Alawi's counsel demonstrates inexplicable disregard for Judge McCarthy's scheduling order. Alawi's counsel chose to ignore the deadline for filing a supporting affidavit. *See* Dkt. 28, at 1. And that approach should be discouraged in the strongest terms. The important institutional concerns behind enforcing deadlines do not favor Alawi here.[7]

The Court also considers whether good cause or, alternatively, gamesmanship are present. Alawi's counsel attempts to justify the late affidavit by claiming that he did not know whether he needed to move to suppress because he did not know what evidence the government planned to use at trial. *See* Dkt. 43, at 5-6; Dkt. 45, at 3-4. But Alawi's motions to suppress belie this claim. In particular, Alawi specifically identified the statements and pill bottle he sought to suppress in his motions filed on February 5, 2021. *See* Dkt. 31, at 46-47. There is no reason why Alawi could not have filed an affidavit along with those motions. This case certainly does not present "unusual circumstances" that would have prevented Alawi's counsel from filing an

---

[7] As counsel is aware, this District—and this Court—has a busy docket. Limited resources are better spent on things other than researching and writing about the timeliness of an affidavit of standing inexplicably filed after a clear and well-known deadline. The Court expects that this will not be a recurring issue.

affidavit with his motions.  *See* Dkt. 45, at 3.  *Cf. Butler*, 2017 WL 4324684, at \*1-\*2. In sum, this case presents no good cause.[8]

Finally, the Court recognizes that the public shares a right to a speedy trial in this matter, and that considering the untimely affidavit would delay any trial.  *See Zedner v. United States*, 547 U.S. 489, 501 (2006).  This case was indicted in December 2020.  Dkt. 22.  Any delay from further proceedings that may result from the Court considering Alawi's affidavit are minimal and certainly do not outweigh Alawi's constitutional rights.

After balancing the facts and circumstances, the Court will exercise its discretion under Rule 45(b)(1) to consider Alawi's untimely affidavit of standing as to his statements.[9]  The Court might have reached a different conclusion on a slightly different record.  As such, counsel who disregard scheduling order deadlines do so at their—and their clients'—risk.

### C.    Entitlement to an Evidentiary Hearing

Alawi is entitled to an evidentiary hearing solely as to the statements he seeks to suppress.

A defendant seeking to suppress evidence "is not automatically entitled to an evidentiary hearing on [his or her] claim, but must make a preliminary showing of facts which, if proved would require the granting of relief." *United States v. Longo*, 70

---

[8] The Court does not impute intentional gamesmanship to Alawi's counsel, especially where prejudice to the government, if any, was minimal.

[9] Because Alawi's motion to suppress physical evidence lacks merit, the same balance of concerns does not exist to justify the Court exercising its discretion as to the pill bottle.

F. Supp. 2d 225, 248 (W.D.N.Y. 1999). He or she "must, at a minimum, present his or her claim through an affidavit of an individual with personal knowledge of the relevant facts," and that affidavit "must contain allegations that are 'definite, specific, detailed and nonconjectural.'" *Id.* at 248 (quoting *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). The defendant's submissions must "enable the court to conclude that contested issues of fact going to the validity of the search are in question." *Pena*, 961 F.2d at 339 (internal quotations and citation omitted).

The defendant has the burden of establishing a protected interest, but the court must "credit the facts he [or she] assert[s]" and cannot "properly deny [a] motion [to suppress] for lack of standing unless the facts . . . asserted, seen in the light most favorable to [the defendant], [are] legally insufficient to sustain his [or her] burden." *United States v. Hamilton*, 538 F.3d 162, 168 (2d Cir. 2008). A hearing is required "[i]f the asserted facts, or the inferences to be drawn from them, [are] contested." *Id.*

### 1.   Motion to Suppress Alawi's Statements

Alawi seeks to suppress statements he made to law enforcement after his arrest at the Bayview Deli on January 9, 2020. *See* Dkt. 31, at 46; Dkt. 37 ¶ 6. He acknowledges that agents advised him of his *Miranda* rights, and states that he invoked his right to remain silent and refrain from answering questions. Dkt. 31, at 46; Dkt. 37 ¶ 6. Alawi argues that statements he made during transport "were . . . in response to questions or statements made to him and were . . . the product of custodial interrogation"—not "spontaneous utterances." Dkt. 31, at 46.

After a defendant "asserts his [or her] right under *Miranda* not to be questioned outside the presence of an attorney, 'statements made to the police must be

10

spontaneous and not the result of interrogation.'" *United States v. Szymaniak*, 934 F.2d 434, 438 (2d Cir. 1991) (quoting *United States v. Colon*, 835 F.2d 27, 30 (2d Cir. 1987)).  A defendant's invocation of his or her Fifth Amendment right to counsel acts as "an absolute bar on police interrogation 'unless the accused [person] initiates further communication, exchanges, or conversations with the police.'" *United States v. Choudhry*, 24 F. Supp. 3d 273, 279 (E.D.N.Y. 2014) (quoting *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981)).  "Interrogation" in this context refers both to express questioning by law enforcement and "to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Szymaniak*, 934 F.2d at 438 (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)) (internal quotations omitted).

A defendant's bare say-so is not enough to require an evidentiary hearing. Indeed, conclusory statements by a defendant that depend on "the characterization of a set of circumstances, such as . . . the voluntariness of a statement," are "not sufficient to require a hearing." *United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998).  A defendant's "bald assertion that a statement was involuntary . . . could be based on any of a number of factual premises . . . [;] [w]ithout specification of the factual basis for such a characterization, the district court is not required to have a hearing." *Id.*

Here, there is no dispute that Alawi was *Mirandized*, or that he invoked his right to counsel. *See* Dkt. 31, at 46; Dkt. 37 ¶ 6; Dkt. 44, at 8.  But there is a dispute

about whether Alawi's statements to law enforcement on January 9, 2020 were spontaneous.

The government claims that Alawi "spontaneously uttered that sometimes people tell him they're in pain; that a few years ago he was in an accident and broke three bones in his back; that his doctor prescribed him medication to take three pills per day but that he only takes two pills per day." Dkt. 44, at 8-9.

Alawi claims that these statements "were in response to questions or statements which were put to [him]." Dkt. 37 ¶ 7. Notably, he also states that "because [his] English is very bad, [he] interpreted the statements made by the agents as seeking an answer or a response relative to [his] prescription medication." *Id.* Therefore, Alawi claims, his statements "were not spontaneous." *Id.*

Alawi's assertions that his statements were in response to statements or questions from agents, and that his statements were not spontaneous—in isolation— are conclusory and insufficient to require an evidentiary hearing. But when considered alongside his claim that his limited English skills hindered his ability to interpret the agents' statements during transport, Alawi's argument that his statements lacked spontaneity is "sufficiently definite, specific, detailed, and nonconjectural" to require an evidentiary hearing. *See Pena*, 961 F.2d at 339.

Here, Alawi states that he interpreted the agents' statements as requiring a response about his prescription medication. That is enough, on this record, to rectify the otherwise conclusory assertions regarding statements in his affidavit of standing. Indeed, a defendant's language skills are relevant to a court's suppression analysis. *See United States v. Short*, 790 F.2d 464, 469 (6th Cir. 1986) (concluding that there

was "a serious question whether [defendant]'s . . . confession was knowing and intelligent" because her "English was broken and her understanding of English deficient," and citing magistrate judge's view that defendant needed an interpreter for court proceedings as further support to that conclusion).[10]  Courts faced with motions to suppress purportedly spontaneous statements by defendants with limited English proficiency have decided those motions after holding evidentiary hearings. *See, e.g.*, *United States v. Dalmau*, No. 14-CR-165A, 2016 WL 5919836, at *1 (W.D.N.Y. Oct. 11, 2016) (denying, after a hearing, motion to suppress non-English speaking defendant's spontaneous comment that pills belonged to him, after officers entered the interview room where defendant sat and discussed the pills among themselves), *report and recommendation adopted*, 2016 WL 7117250 (W.D.N.Y. Dec. 7, 2016); *United States v. Zhang*, No. 94 CR. 0021 (LLS), 1994 WL 406073, at *1-*2 (S.D.N.Y. July 29, 1994) (concluding, after a hearing, that defendant's statement in her affidavit that she "did not comprehend everything that was told to [her] as the [agents] spoke a dialect of Chinese, different from [her] own" was not credible).

For these reasons, the Court concludes that Alawi is entitled to an evidentiary hearing to determine whether his statements to law enforcement during transport from the Bayview Deli on January 9, 2020 were spontaneous, and rejects Judge McCarthy's recommendation to deny Alawi's motion to suppress statements.

---

[10] The docket indicates that an interpreter has assisted Alawi at court proceedings. *See* Dkts. 25, 38; *see also* Dkt. 2 (noting that Alawi "request[ed] an interpreter for further proceedings").

2.     **Motion to Suppress Alawi's Pill Bottle**

Alawi also seeks to suppress the pill bottle seized from behind the counter at the

Bayview Deli where he worked, citing issues of fact regarding his employer's consent

to search the deli and regarding his reasonable expectation of privacy. *See* Dkt. 37

¶¶ 3-5; Dkt. 43, at 7.  He states that the pill bottle was "behind the counter," and

therefore was "not made available [to and could not] be seen by any member of the

public." Dkt. 37 ¶ 3.

This Court agrees with Judge McCarthy as to Alawi's untimely affidavit of

standing on this issue.  In the alternative, Judge McCarthy rejected Alawi's claim to

suppress the pill bottle on the merits.[11]  This Court agrees with that conclusion, too.

Judge McCarthy discussed the relevant standard for whether a person has a

reasonable expectation of privacy in an area searched.  *See* Dkt. 40, at 4-5.  The parties

do not dispute that standard, and the Court will not repeat it here.

As Judge McCarthy recognized, Alawi offered no facts to support a reasonable

expectation of privacy from his boss or co-workers in the space behind the counter.  *See*

*id.* (concluding that Alawi made no "attempt to demonstrate the degree of exclusivity

and control he had over the work space vis-à-vis the owner and co-workers"); *see*

*generally* Dkt. 37.  Regardless of any expectation of privacy from the public, Alawi did

not establish an issue of fact related to the pill bottle that requires an evidentiary

hearing. *See United States v. Castillo-Bautista*, No. 90 CR. 466 (CSH), 1990 WL

151126, at *4 (S.D.N.Y. Oct. 2, 1990) (denying, without a hearing, grocery store

---

[11] The RR&O addressed the merits of the motion to suppress physical evidence in the
alternative, but did not do so for the motion to suppress statements.

employee's motion to suppress a controlled substance found in a paper bag placed behind the counter of the grocery store, noting that "[t]he mere assertion that the bag was behind the counter, without more, is not enough to establish a reasonable expectation of privacy in [that] area"), *aff'd*, 956 F.2d 1160 (2d Cir. 1992).

The Court therefore agrees with Judge McCarthy and accepts his recommendation to deny Alawi's motion to suppress physical evidence.

## II.   <u>Discovery Motions</u>

Alawi also objects to Judge McCarthy's order on the discovery motions. Specifically, Alawi argues that there exists "at least the possibility" that he will rely on an entrapment defense, and that possibility, combined with his "very limited ability to speak or write the English language," establishes his right to disclosure of informant identities.  Dkt. 43, at 8.  And he argues that he requires a bill of particulars "as to inducement and predisposition."  *Id.*

A different standard of review applies to these objections.  In particular, a district court must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law.  *See* 28 U.S.C. §§ 636(b)(1)(A), (C); Fed. R. Crim. P. 59(a).  A magistrate judge's order is "clearly erroneous" where the district court "is left with the definite and firm conviction that a mistake has been committed," and is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *United States v. Torres*, No. 18-CR-6094-FPG, 2020 WL 4199075, at *1 (W.D.N.Y. July 22, 2020) (internal quotations and citation omitted).

15

The Court carefully reviewed Judge McCarthy's order on Alawi's discovery motions, the parties' objections, and the relevant record. Based on that review, Judge McCarthy's orders on these motions are neither clearly erroneous nor contrary to law. The Court therefore affirms Judge McCarthy's orders denying Alawi's motions for a bill of particulars and disclosure of informant identities, but clarifies that the order denying disclosure of informant identities is without prejudice to renewal.[12]

## CONCLUSION

For the reasons stated above, and in the RR&O, the Court:

- ORDERS an evidentiary hearing before Judge McCarthy to evaluate whether Alawi's statements to law enforcement while being transported from the Bayview Deli on January 9, 2020 were spontaneous, and otherwise reserves decision on Alawi's motion to suppress statements;

- DENIES Alawi's motion to suppress the pill bottle seized from the Bayview Deli on January 9, 2020;

- AFFIRMS Judge McCarthy's order denying Alawi's motion for a bill of particulars; and

---

[12] If Alawi ultimately decides to pursue an entrapment defense and the government has not already produced the information he seeks, he may renew his motion for disclosure of informant identities. *See United States v. Bautista*, No. 98-CR-534, 1999 WL 185256, at *3 (N.D.N.Y. Mar. 31, 1999) (denying, without prejudice, motion for disclosure of informant identities, where defendant did "not articulate[] sufficiently a particular need for pretrial informant or undercover agent identification because nothing in his motion papers demonstrate[d] that the disclosure requested [was] both material to the preparation of . . . his defense and reasonable in light of all the circumstances").

- AFFIRMS Judge McCarthy's order denying Alawi's motion for disclosure of informant identities, but clarifies that such denial is without prejudice to renewing the motion if Alawi decides to pursue an entrapment defense.

The Court recommits this case to Judge McCarthy to hold an evidentiary hearing as described above, and to issue a Report and Recommendation based on that hearing, pursuant to the referral order at Dkt. 24.

Because Alawi's motion to suppress statements remains pending, Speedy Trial Act time remains excluded under 18 U.S.C. § 3161(h)(1)(D).

SO ORDERED.

Dated:      June 2, 2021
            Buffalo, New York


                                    _____
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE

17